IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ALICIA SHONTE' BONTON, | Case No. 3:24-cv-01684-JR |
| Plaintiff, | |
| | ORDER |
| v. | |
| REGINALD and DEBORAH FLUKER, | |
| Defendants. | |

RUSSO, Magistrate Judge:

Pro se plaintiff Alicia Bonton initiated this action against defendants Reginald and Deborah Fluker on October 3, 2024, alleging federal question jurisdiction. For the reasons stated herein, plaintiff's complaint is dismissed without prejudice.

Where, as here, the filing fee has been paid and service has occurred, "[a] trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a

Page 1 – ORDER

claim."[1] *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981) (citations and internal quotations omitted); *see also Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991) ("a district court sua sponte may dismiss a complaint under Rule 12(b)(6) as long as the dismissal does not precede service of process"). The court, however, "must give notice of its sua sponte intention to invoke Rule 12(b)(6) and afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion." *Wong*, 642 F.2d at 361-62. Dismissal may nevertheless "be affirmed [without prior notice] on the basis of Rule 12(b)(6) [if the plaintiffs] cannot possibly win relief under the statute they have urged." *Id.*; *see also Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("[a] trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6) . . . without notice where the claimant cannot possibly win relief"); *Smith*, 945 F.2d at 1043 ("the failure to give [prior] notice is not per se reversible error when it is patently obvious the plaintiff could not prevail based on the facts alleged in the complaint").

Here, plaintiff asserts equal protection and substantive and procedural due process claims under the Fourteenth Amendment premised on the following facts:

> I, Alycia S. Bonton, the plaintiff, am petitioning the court for alternative dispute resolution (mediation) by means of Online Dispute Resolution, to discuss post

---

[1] To avoid dismissal under Fed. R. Civ. P. 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the plaintiff need not detail all factual allegations, the complaint must nonetheless provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court, in many circumstances, instructs the pro se litigant regarding deficiencies in the complaint and grants leave to amend. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A pro se plaintiff's claims may nonetheless be dismissed with prejudice where it appears beyond doubt the plaintiff can prove no set of facts that would entitle them to relief. *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008).

Page 2 – ORDER

> adoptive contact agreements and shared custody. It is my belief that the children, would be interested in reunification with myself their natural and biological mother. It is my natural right to confer with the defendants for shared custody and contact arrangements. It is my obligation to seek visitation and/or custody within the United States jurisdiction to comply with restoration or establishment of parentage. It is my obligation to seek visitation and/or custody in regard to a child's wishes and the standard interest of a child, as well as a mother's natural and biological right to life and the pursuit of happiness.

Compl. pgs. 3-4 (doc. 1). The only other information in the complaint states: "I, Alycia S. Bonton, am asking the court to order ADR/ODR mediation." *Id.* at pg. 4.

In other words, plaintiff's claims are premised exclusively on the purported constitutional violations of the couple who adopted her biological children. Yet plaintiff does not allege defendants are government actors. "With a few exceptions, such as the provisions of the Thirteenth Amendment, constitutional guarantees of individual liberty . . . do not apply to the actions of private [individuals or entities]." *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 619-20 (1991) (citations omitted). Accordingly, in order to state a constitutional claim, the plaintiff must assert some form of government action. *See L.W. v. Grubbs*, 974 F.2d 119, 120 (9th Cir. 1992) (discussing claims against state or county actors under 42 U.S.C. § 1983); *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) (discussing claims against federal actors under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)). For this reason alone, dismissal is appropriate.

Moreover, tort and 42 U.S.C. § 1983 claims are subject to a two year statute of limitations in Oregon. *See Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2004) (citing Or. Rev. Stat. § 12.110). The limitations period begins to accrue when the plaintiff has "a complete and present cause of action," which means the "plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A claim is "discovered" under federal law "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999).

Page 3 – ORDER

While the underlying facts are ill-defined, it is not clear from the complaint that the adoption and/or defendants' allegedly wrongful actions occurred within the last two years. And, because plaintiff knew or should have known of those events at the moment they occurred, the fact that she may not have realized the full extent of her injury until a later date is irrelevant. *Cf. Stanley v. Tr. of Cal. State Univ.*, 433 F.3d 1129, 1134 (9th Cir. 2006) ("[t]he proper focus is upon the time of the [wrongful] acts, not upon the time at which the consequences of the acts became most painful") (citation and internal quotations omitted).

To the extent plaintiff is seeking to challenge or appeal any state court proceedings or contractual terms related to the underlying adoption, this Court is without subject matter jurisdiction. *Cf. Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) ("[t]he *Rooker-Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgement, and seeking federal court review and rejection of that judgement"); *see also Matter of Adoption of Eder*, 312 Or. 244, 260, 821 P.2d 400 (1991) ("[i]n Oregon, the process of adoption is purely statutory [and] when the adoption is complete, every right and interest of the natural parent in the child is terminated") (citations and internal quotations omitted).

Finally, plaintiff has not alleged adequate facts to establish either venue or personal jurisdiction in this forum. Concerning the former, 28 U.S.C. § 1391 provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Page 4 – ORDER

Regarding the latter, federal courts ordinarily follow the state law of the forum to determine the bounds of personal jurisdiction. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (citation omitted). Under Oregon's long-arm statute, personal jurisdiction is authorized to the full extent permitted by the United States Constitution. *Id.* (citation omitted). The Due Process Clause of the Fourteenth Amendment, in turn, requires nonresident defendants to "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation and internal quotations omitted).

There are two types of personal jurisdiction a forum state may exercise over nonresident defendants: specific and general. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). Where, as here, general jurisdiction appears to be lacking, a court may still exercise specific jurisdiction if the case arises out of the defendant's minimum contacts with the forum state. *Int'l Shoe Co.*, 326 U.S. at 316; *see also Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014) (general jurisdiction exists only if the defendant's "affiliations with the State are so 'continuous and systematic as to render [them] essentially at home in the forum State," even when the cause of action has no relation to those affiliations) (citation and internal quotations omitted). The plaintiff bears the burden of establishing that personal jurisdiction is proper. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

The complaint specifies that defendants are residents of Georgia. Compl. pg. 2 (doc. 1). As denoted above, there are no well-plead facts surrounding the circumstances of the adoption. And, beyond plaintiff's current residence in Aloha, Oregon, there is no indication that this dispute bears any connection to the forum state. Accordingly, plaintiff has not demonstrated that venue here is proper, or that personal jurisdiction exists in relation to defendants. *See Walden v. Fiore*, 571 U.S.

277, 284-85 (2014) ("the plaintiff cannot be the only link between the defendant and the forum"); *see also* Alt. *Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55-56 (2019) (if the action does not fall within one of the three categories of § 1391(b), "venue is improper, and the case must be dismissed or transferred under § 1406(a)").

In sum, the complaint fails to articulate an actual, timely, and redressable injury in relation to the named defendants that, if proven true, would demonstrate a constitutional violation. Therefore, via this Order, the Court gives notice of its sua sponte intention to dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff shall have one opportunity to address the aforementioned deficiencies through amendment.

## CONCLUSION

Plaintiff's complaint (doc. 1) is DISMISSED without prejudice. Plaintiff is allowed 30 days from the date of this Order to file a complaint that complies with the requirements of the Federal Rules of Civil Procedure and this Order. Failure to do so will result in the dismissal of this action with prejudice.

IT IS SO ORDERED.

DATED this 19th day of November, 2024.

/s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge